(37 Misc. Rep. 734.) ·

## In re BISCHOFF.

(Supreme Court, Special Term, New York County. April, 1902.)

INCOMPETENT PERSON—RE-EXAMINATION.

The supreme court will not re-examine the question of the competency of a person theretofore duly found incompetent because of an incurable form of insanity, under Code Civ. Proc. § 2343, authorizing such re-examination where it appears that the applicant has become competent, unless a ·case is made showing a probability of a restoration to competency.

In the matter of the application of Franklin J. Bischoff, who had been judicially declared incompetent, for an order discharging the committee theretofore appointed. Denied.

Cantwell & Moore, for petitioner.
Straley, Hasbrouck & Schloeder, for committee.

SCOTT, J. This is an application by a person who has been judicially declared incompetent for an order discharging the committee heretofore appointed. The motion is based upon the allegation that the petitioner has fully regained his mental capacity. Section 2343, Code Civ. Proc., authorizes such an order when it is made to appear to the court that the applicant has become competent to manage himself or his affairs. When such an application is made, it appeals to the sound discretion of the court; and the presiding judge before whom the application is heard may cause the witnesses to be brought before him and examined in open court, or may refer the matter to a referee or jury, or may hear the application upon affidavits. When, as in the present case, the adjudication of incompetency has been made after a full and exhaustive hearing before a commission and jury, at which hearing the incompetent was present, represented by counsel, and afforded every opportunity to prove his competency, it must be assumed that he was actually incompetent when he was found to be so. Before a reference will be made to a jury or referee, there must be presented to the court at least prima facie evidence that there has been a change in the mental condition of the applicant. It would be an unreasonable burden upon the estate of the incompetent, or, if he have no estate, upon those who deem it a duty to surround him with the protection afforded by the existence of a committee, to order a re-examination as to his competency merely because he wished it, unless. it be made to appear to the court, with reasonable probability, that there has been an actual change of mental condition. The evidence given before the sheriff's jury as to the mental condition of this petitioner, and which, as the result shows, was accepted by the jury, indicated that he was suffering from an incurable form of insanity, progressive in character, which might be accompanied by intervals of

apparent improvement, during which his mental infirmity would not display itself to casual or nonexpert observers. At the same time the character of the mental infirmity attributed by the experts to the petitioner was described as one which might, if all restraint were removed, cause him to do violence to himself or others, or to commit financial irregularities which might even assume a criminal aspect. The history of the petitioner, as disclosed upon the inquisition, shows that he had been concerned in many transactions which could be charitably explained only upon the theory that he was afflicted with the form of mental infirmity attributed to him. Upon the present application there are presented the affidavits of the wife and two daughters of the incompetent, who state that they are certain that he is mentally sane, and thoroughly competent and well qualified to manage his own affairs and his person and estate. None of them give any reasons for this belief, and his wife gives no explanation as to what has occurred to change her views as to her husband's competency; her testimony before the sheriff's jury having tended strongly to establish his irresponsibility. It further appears that neither of these affiants has resided with the petitioner since he was adjudicated incompetent, unless they have very recently taken up a residence with him. I cannot regard their affidavits as having any probative force whatever upon the question of the petitioner's present competency. Affidavits are also presented from two physicians who state that they have recently examined the petitioner, and find him to be sane and competent to manage his own affairs. A reference to the testimony taken before the sheriff's jury shows that these same physicians testified to the same effect upon the execution of the inquisition, and that, as the verdict shows, the jury totally disregarded and rejected their evidence. Their opinions are certainly entitled to no greater force now than then, and to accept their affidavits as even prima facie evidence as to the petitioner's present mental condition would be, in effect, to reverse the judgment of the jury as to the weight to be afforded to their views upon such a subject. One of them testified before the sheriff's jury that he did not claim to be an expert on insanity, and did not testify as an expert, and neither of them showed that he had had extensive experience as an alienist. The other affidavits read in support of the motion are all by persons who are not shown to be qualified to express an opinion upon the subject, or to have had sufficient opportunity to form a valuable opinion, even if they possessed expert knowledge on the subject. After a careful reading of the affidavits presented on this motion, and of the proceedings before the sheriff's jury, I cannot say that the petitioner has made out such a case of probable restoration to competency as requires or would justify the court in directing a reexamination of the question of his sanity. The motion must therefore be denied.

Motion denied.